Charles H. Albers, Receiver of Citizens State Bank of Watseka, Illinois, Appellee, v. John L. Smiley et al., Appellants.

Gen. No. 9,409.

Opinion filed April 20, 1939.

Roscoe C. South, of Watseka, for appellants.

W. S. Kay, of Watseka, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

Charles H. Albers, as receiver of the Citizens Bank of Watseka, Illinois, filed a bill in the circuit court of Iroquois county to set aside some deeds of conveyance made from John L. Smiley to his daughter, Ferne S. Bechly and her husband Edward Bechly. The petition alleges that the defendant, John L. Smiley was indebted to the bank for the sum of $1,237.63; that this amount was represented by a note payable from Smiley

to the bank, dated October 28, 1931, for the principal sum of $1,000; that judgment was taken by confession, against the said Smiley in the circuit court of Iroquois county on March 14, 1932; that the said deeds from Smiley to the Bechlys, were without any other than nominal consideration and were made with the intent to defeat and defraud the plaintiff as a creditor of the defendant, John L. Smiley, and that the defendants Ferne S. Bechly and Edward Bechly colluded and conspired with the defendant, John L. Smiley in the conveyance of the Watseka properties to the said Ferne S. Bechly for the purpose of evading and voiding the payment of the debt due the plaintiff; that in equity and good conscience deeds to the properties should be set aside and the same declared void.

The defendants filed their answers to this petition and admitted the execution of the deeds to the property from John L. Smiley to Ferne S. Bechly, but denied that the same was done with the fraudulent intent as charged in the bill of complaint. They averred that the transfers of this property were made for a good and valid consideration.

The case was heard before the court without a jury, who found the issues in favor of the plaintiff as to the property designated as the 'Smiley business building,' and entered a decree in conformity with his findings. It is from this decree that the appeal is prosecuted. The appellants insist that they paid a full and adequate consideration for the property and that there was no fraudulent intent to defeat the creditors of John L. Smiley, or hinder them in the collection of their debt. The plaintiff, to maintain the issues in its behalf, introduced the note in question to show that judgment had been taken upon it. The various deeds of conveyance from John L. Smiley to Ferne S. Bechly, also the mortgages on the various properties which were formerly owned by John L. Smiley and the deed

to the farm from Smiley and Bechly to Anderson Jones, were also introduced in evidence.

John L. Smiley was called as a witness in behalf of the plaintiff and identified his signature to the note of $1,000, dated October 28, 1931. He stated that he had conveyed the property to his daughter on October 23, 1931, and that he did not think he talked to any of the officers of the bank about the conveyance. George Gerdes testified that he was an officer of the Iroquois County Title and Trust Company which had made the loan and mortgage on the Smiley business building; that the same had been paid by Mr. and Mrs. Bechly and the mortgage had been released of record.

William E. Trotter testified that he was a real estate broker and that he thought he was familiar with the fair cash market value of property in and about Watseka; that he had been engaged in the brokerage business in 1931; that he was acquainted with the building commonly known as the Smiley business property on Walnut street in Watseka; that he was familiar with the value of the same in 1931; that the general condition of real estate at that time was not good; that in his opinion the value of the building at that time would be somewhere between three and four thousand dollars; that it would be pretty hard to give it exactly. This was all of the evidence offered on behalf of the plaintiff.

Ferne S. Bechly testified in her own behalf that she was the daughter of John L. Smiley and grantee in the deeds of October 23, 1931; that at that time she was living in Champaign, Illinois, with her husband and their family; that at the time the deeds of the property were made from her father to her, the farm lands, the business building, home and other buildings were mortgaged for practically all they were worth; that the consideration for the transaction was that she should assume all of the mortgages on the property and cancel

a note which she held of her father's for $500 with interest for four years, amounting in all to $640; that her father owed the Christian church a note of $300 and she was to assume and agree to pay this note; that there were back taxes and special assessments on the property and she was to assume and agree to pay all of these; that the mortgage on the business house in question was $2,800 and on the residence $1,200 and on the farm $17,000; that the farm was not worth $17,000 and they conveyed it to a man named Jones; that the business property was worth very little or any more than $2,800, the amount of the mortgage; that she surrendered the note of $500 to her father; that she paid the note of $300 owed by her father to the Christian church; that she paid street paving and tax in the amount of $126.97 and another item for street paving of $119.98; that in all she paid nearly $6,000. Mrs. Bechly also testified that at one time her father collected $31 which was one month's rent on the business property; that he was old and feeble and she furnished him with spending money and had agreed to look after him as long as he lived.

The defendants called two real estate men of Watseka and each of them testified that they had been in the real estate business for a number of years in Watseka, and were familiar with the price of property generally, and knew the property commonly called the Smiley building and were acquainted with it and its value in 1931; that it was hard or almost impossible to sell property at that time. They each stated in their opinion the value of this building was $3,000.

It is upon the foregoing testimony that the appellee attempted to establish fraud on the part of the defendants in conveying this property. It is a well established rule of law that in suits to set aside a conveyance, as in fraud of creditors, the burden of proving

such fraud is upon the one who alleges it. This rule is clearly stated in the case of *McKennan v. Mickelberry,* 242 Ill. 117, at p. 134.

"It has been repeatedly laid down by this and other courts that fraud will not be presumed, but must be proved, like any other fact, by clear and convincing evidence. (*Union Nat. Bank v. State Nat. Bank,* 168 Ill. 256, and authorities cited.) Something more than mere suspicion is required to prove allegations of fraud. The evidence must be clear and cogent and must leave the mind well satisfied that the allegations are true. (*Shinn v. Shinn,* 91 Ill. 477.) If the motives and designs of the parties charged with fraud or collusion may be traced to an honest and legitimate source equally as to a corrupt one, the former explanation ought to be preferred. (*McConnell v. Wilcox,* 1 Scam. 344.) Fraud is never presumed when transactions may be fairly reconciled with honesty, and if the weight of the evidence is in favor of an honest motive that conclusion should always be adopted.''

This rule has been followed in *Beery v. Hurd,* 295 Ill. App. 124; *Wolf v. Lawrence,* 276 Ill. 11; *Duncan v. Dazey,* 318 Ill. 500; *Council v. Bernard,* 319 Ill. 392; and *Schiavone v. Ashton* 332 Ill. 484. As before stated, the burden was upon the appellee to establish the fraud. It is uncontradicted that the business property was incumbered with a mortgage of $2,800 and some interest and taxes; that the appellant assumed and agreed to pay all incumbrances against the property and that they did do so. Two of the witnesses in estimating the value of the property at the time of the conveyance, say it was only worth $3,000. The other witness says, in his opinion, from $3,000 to $4,000. It appears to us that the preponderance of the evidence is in favor of the appellant that the property was not worth more than $3,000. If this is the correct value of

the property, then John L. Smiley at the time he made the conveyance to his daughter, had no equity in the property whatsoever, and Mrs. Bechly has paid all the property was reasonably worth and the bank could not have been damaged by the conveyance, because there is nothing that they could have reached by execution of any interest that Smiley had in the property at the time the conveyance was made.

The appellee insists that it was not a bona fide transaction between the defendants; that some secret agreement existed between the father and his daughter whereby he was to collect the rents, etc., of the business property during his lifetime. The only evidence to sustain this is that the father, on one occasion, during the six years that Mrs. Bechly owned the property, collected the sum of $31 or one month's rent. Mrs. Bechly explains this that she permitted him to do it because he had nothing and she wanted to keep him in spending money. This evidence falls far short of being clear and convincing as required by law to establish fraud.

There is another feature of the case on which the plaintiff wholly failed, and that is to establish any fraud on the part of Mrs. Bechly. There is no evidence whatsoever, that she knew that her father was indebted to the bank at the time the transactions were made, but on the contrary she testified positively that she did not know her father was indebted to the bank, until shortly before this suit was started to set aside the deed. The question of consideration of the three properties, aside from the Smiley business building, is not involved in this appeal, as the court found that the consideration for these three properties was adequate, and that at the time of the conveyance, John L. Smiley had no equity in them.

From the record in this case, we find as a matter of fact that Ferne S. Bechly paid to her father, John L.

Smiley, an adequate consideration for the property known as the Smiley business property; that she had no notice of any indebtedness from her father to the bank; that she was not guilty of any fraud in the transaction. We therefore hold that the trial court erred in decreeing that the appellees should have a lien upon this property and the decree is therefore reversed.

*Reversed and remanded.*